UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
THOMAS ALLEN CHESLEY,

        Debtor,
_____/


THOMAS ALLEN CHESLEY

        Appellant,

v.                        Case No. 8:13-cv-3238-T-33
                        Bankr. No. 8:11-bk-13785-KRM

SUSAN K. WOODARD, Chapter 7
Trustee, and TIMOTHY BEAHAN,

        Appellees.
_____/

## ORDER

    This matter comes before the Court pursuant to Susan K. Woodard, Appellee and the Chapter 7 Bankruptcy Trustee's ("Trustee"), Motion to Strike (Doc. # 14), filed on January 19, 2014. Appellant Thomas Allen Chesley filed a response in opposition to the Motion on February 3, 2014. (Doc. # 20). Upon review and for the reasons stated below, the Court denies the Motion.

## I.   Background

Chesley filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida on July 21, 2011. (Case No. 8:11-bk-13785-KRM[1], Doc. # 1). Prior to filing for bankruptcy, however, Chesley was involved in a personal injury action against Parts Depot, Inc., which arose out of a vehicle accident. (Doc. # 1-16 at ¶ 2). Chesley negotiated a settlement of the personal injury action with Parts Depot, Inc. in the amount of $1,200,000.00 in exchange for a general release of all claims. (Id. at ¶ 3).

In May of 2011, Chesley received a lump sum payment of $336,643.56 from the settlement proceeds. (Id. at ¶ 4). According to Chesley's testimony at the 341 meetings of creditors, Chesley spent a portion of the settlement proceeds to pay off his home mortgage, purchase a 2011 Ford F-450 truck, repair his home and pay friends and family members. (Id. at ¶ 7).

"The remaining net proceeds . . . from the personal injury settlement were held by [Chesley's] personal injury attorney, Phil Chanfrau, and another attorney, John Mangelli,

---

[1] On January 8, 2014, the bankruptcy action, which was originally assigned to Judge Catherine Peek McEwen, was reassigned to Judge K. Rodney May. See (Case No. 8:11-bk-13785-KRM, Doc. # 543).

he had retained to resolve the claims of parties who were asserting liens against the proceeds." (Id. at ¶ 5). "Three parties who asserted a lien against the proceeds, which was transferred from Attorneys Chanfrau and Mangelli to [Chesley's] bankruptcy attorney, have been settled and the approximate $175,000 left of the remaining proceeds are being held in [Chesley's] bankruptcy counsel's trust account." (Id. at ¶ 8).

In the bankruptcy proceedings, Chesley asserted a claim of exemption for the remaining settlement proceeds. (Doc. ## 1-9, 1-12). Chesley also claimed as exempt the settlement proceeds that were spent in the two months prior to Chesley filing for bankruptcy, which included the money to pay off his mortgage, purchase a 2011 Ford F-450 Truck, make repairs on his home and pay money to friends and family members. (Id.). According to Chesley, the proceeds were exempt from creditors' claims as "disability income benefits" pursuant to Florida Statutes, sections 222.14, 222.18, 222.201, Bankruptcy Code section 522(d)(10), and In re Harrelson, 311 B.R. 618 (Bankr. M.D. Fla. 2004). (Id.). The Chapter 13 Trustee and Timothy Beahan, a creditor, objected to Chesley's claimed exemptions. (Doc. ## 1-10, 1-11, 1-13, 1-14).

On July 15, 2013, the Chapter 13 Trustee filed his motion for summary judgment on amended trustee's objection to Chesley's property claimed as exempt. See (Doc. # 1-16). At a hearing on August 20, 2013, the Bankruptcy Court granted the motion, thereby sustaining the objections to Chesley's claimed exemptions. (Case No. 8:11-bk-13785-KRM, Doc. # 442). During the hearing, the Bankruptcy Court contacted Chanfrau via telephone. (Doc. # 1-26 at 35-36). After Chesley waived the attorney-client privilege in open court, Chanfrau informed the Court that "there was never any discussion with the – liability carrier concerning whether or not it paid disability benefits to Mr. Chesley." (Id.). The Order granting the Chapter 13 Trustee's motion for summary judgment was entered on September 23, 2013. See (Doc. # 1-2). Within the Order, the Bankruptcy Court provided that:

> [Chesley] shall have through October 4, 2013, within which to file a motion for reconsideration of this [O]rder on the condition that he provides with said motion a certified copy of an applicable insurance policy that includes a specific provision for a disability income benefit, and furnishes a copy of such policy to the Chapter 13 Trustee, the United States Trustee and counsel for Creditor, Timothy Beahan.

(Doc. # 1-2 at ¶ 6).

On October 7, 2013, Chesley filed an amended motion for reconsideration and rehearing along with a copy of an insurance policy. (Doc. # 1-23). On October 28, 2013, the Bankruptcy Court conducted a hearing on Chesley's amended motion for reconsideration and rehearing. (Case No. 8:11-bk-13785-KRM, Doc. # 460). At the hearing, the Bankruptcy Court affirmed its prior ruling granting the Chapter 13 Trustee's motion for summary judgment. (Doc. # 1-27).

On November 4, 2013, Chesley filed a notice of appeal of the Bankruptcy Court's Order granting the Chapter 13 Trustee's motion for summary judgment. (Case No. 8:11-bk-13785-KRM, Doc. # 469). On November 21, 2013, the Bankruptcy Court entered an Order converting the Chapter 13 bankruptcy action to Chapter 7 and setting a hearing on the disbursement of funds held by the Chapter 13 Trustee. (Id. at Doc. # 482). The Bankruptcy Court appointed Susan K. Woodard as the Chapter 7 Trustee on November 21, 2013. (Id. at Doc. # 484).

On January 10, 2014, Chesley filed his initial brief. (Doc. # 12). On page seventeen of the brief, Chesley submits:

### Chapter 7 Trustee's Argument

The Chapter 7 Trustee filed no objection to [Chesley's] claims for exemption and made no argument at the hearing on the Chapter 13 Trustee's

Motion for Summary Judgment on Trustee's Objection
to Property Claimed as Exempt.

(Id. at 17). The Trustee filed the present Motion on January 19, 2014, requesting this Court strike the above statement. (Doc. # 14). Chesley filed a response in opposition to the Motion on February 3, 2014. (Doc. # 20). The Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises.

## II. **Legal Standard**

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Motions to strike are considered "drastic" and are disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher

v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### III. __Analysis__

The Trustee seeks to strike from Chesley's brief the following statement:

**Chapter 7 Trustee's Argument**

> The Chapter 7 Trustee filed no objection to [Chesley's] claims for exemption and made no argument at the hearing on the Chapter 13 Trustee's Motion for Summary Judgment on Trustee's Objection to Property Claimed as Exempt.

(Doc. # 12 at 17, Doc. # 14 at ¶ 3). The Trustee submits that "[t]his portion of the brief is presented in a manner that would cause the reader to believe that the Chapter 7 Trustee had no position with respect to Chesley's claim for exemptions. This is misleading inasmuch as at the time the matter was heard by the bankruptcy court, the case was still in Chapter 13 administration and no [C]hapter 7 Trustee had been appointed." (Doc. # 14 at ¶ 4).

In his response, Chesley provides that "taken out of context [the cited language] may be read as Trustee states." (Doc. # 20 at ¶ 1).  However, Chesley seeks to clarify that on page six of Chesley's brief, he states:

> Subsequent to Appellant's Notice of Appeal being filed, the Bankruptcy Court converted the bankruptcy case from Chapter 13 to Chapter 7, wherein Counsel for the newly assigned Chapter 7 trustee filed Appellee's Designation of Record on December 2, 2013.

(Id. at ¶ 2). Therefore, "[h]aving knowledge of this provision clarifies and substantiates the statement [the Trustee] seeks to strike." (Id. at ¶ 4).

Having reviewed the arguments provided by both parties, the Court finds that denial of the Trustee's Motion is warranted. The Trustee has not sufficiently demonstrated that the language she seeks to strike is redundant, immaterial or scandalous or "has no possible relationship to the controversy, may confuse the issues or otherwise prejudice a party," therefore entitling her to the drastic relief requested. To the extent the Trustee argues the cited language is misleading, the Court is fully advised in the factual and procedural framework of the present action, and recognizes at what point in the procedural posture of this action the Bankruptcy Court appointed the Chapter 7 Trustee.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Appellee Susan K. Woodard's Motion to Strike (Doc. # 14) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u>

day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record